```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

TRACY DURLEY                         CIVIL ACTION

VERSUS                               NO: 06-5681

THE OFFSHORE DRILLING COMPANY,       SECTION: "J" (2)
ET AL.
```

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The issue of the validity of the seaman's release came on for trial before the Court, sitting without a jury, on February 13, 2007. At the conclusion of testimony, the Court took the matter under submission. Having considered the testimony and exhibits presented at trial and the applicable law, the Court issues the following Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52(a).

## FINDINGS OF FACT

On July 2, 2006, Tracy Durley was employed by The Offshore Drilling Company ("TODCO") as a floorhand on the TODCO Rig 46, an inland drilling barge owned and operated by TODCO. Mr. Durley is a seaman. Mr. Durley was injured in a July 2, 2006 accident upon the TODCO Rig 46. As a result of this accident, Mr. Durley suffered various injuries.

Mr. Durley was initially treated for his injuries at the Teche Regional Medical Center, at which time the doctor noted contusions and abrasions to Mr. Durley's left hip, left leg and left shin. Mr. Durley was subsequently examined by Dr. Benjamin Leggio on or about July 5, 2006, at which time he again complained of pain in his abdomen, left pelvis, and left leg. Plaintiff was seen by Dr. John Sandifer on July 18, 2006, and on August 9, 2006. On the July 18, 2006 visit, Dr. Sandifer diagnosed Mr. Durley as suffering from a strain or contusion to the left groin, left hip and left lower abdomen. Mr. Durley was also examined by Dr. William Ball on July 18, 2006, on which visit hernia and internal abdominal injury were ruled out.

On or about July 12, 2006, ten days after Mr. Durley was injured, the representatives of Shuman Consulting decided to offer Mr. Durley $3,000 to release any and all claims arising out of his accident of July 2. This amount represented roughly the amount of pay Mr. Durley would have received for the workdays he had missed. This amount was not revised as Mr. Durley continued to miss work, but TODCO provided an additional $4,565.20 in maintenance and voluntary compensation benefits to Mr. Durley before a release was signed.

On August 10, 2006 Mr. Durley executed release documents purporting to settle all claims arising out of the July 2, 2006 accident. Mr. Durley was not represented by counsel.

The Court finds Dr. Yerger's and Dr. Weir's testimony to be significant. As a result of the trauma experienced by Mr. Durley in the accident of July 2, 2006, he received injuries to his left knee, including injuries to the lateral collateral ligament, posterior collateral ligament, and posterolateral corner, that will require him to undergo surgery on his knee. As a result of the trauma experienced by Mr. Durley in the accident of July 2, 2006, Tracy Durley has also suffered injuries to his cervical spine, including a herniated cervical disc at C3-4.

Mr. Durley was not diagnosed with torn ligaments in his left knee or with a herniated disc in his cervical spine until after he executed the release documents on August 10, 2006. At the time the release documents were executed on August 10, 2006, neither Mr. Durley nor the representatives or employees of TODCO nor the representatives or employees Shuman Consulting, who were involved with the handling of Mr. Durley's claims, were aware that he had injured his knee or his spine as a result of the July 2, 2006 accident at issue. All persons involved believed, based on the diagnoses of Dr. Leggio and Dr. Sandifer, that severe bruising was the extent of Mr. Durley's injuries. This diagnosis was incorrect. The belief based upon the incorrect diagnosis was a mutual mistake as to the facts as they existed at that time. The parties would not have settled Mr. Durley's claims for $3,000 if

3

they had known the true nature of his injuries.

## CONCLUSIONS OF LAW

Jurisdiction over Mr. Durley's challenge to the validity of the seaman's release is based in this Court's original jurisdiction over admiralty and maritime claims. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1333. The validity of a seaman's release is governed by general maritime law. *Robertson v. Douglas S. S. Co.*, 510 F.2d 829, 835 (5th Cir. 1975).

TODCO bears the burden of proving the validity of the seaman's release. *Id.* A mutual mistake with regard to diagnosis, as opposed to prognosis, is cause for setting aside a seaman's release. *Id.* at 835-36. TODCO has failed to prove that the August 10, 2006 release was not based upon a mutual mistake regarding the true nature of Mr. Durley's injuries. The release of August 10, 2006 is invalid and must be set aside. As a consequence, TODCO's Fourth Defense, Fifth Defense, and Counterclaim (Doc. 4) are meritless. The remainder of this case shall proceed according to the scheduling order and pretrial notice form. (Doc. 8.)

New Orleans, Louisiana this the 23rd day of February, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE